```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA


GEORGE BAUER,                    )
          Plaintiff              )
                                 )
     vs                          )   Civil Action No. 09-1250
                                 )
F.B. INVESTIGATIONS,             )
et al.,                          )
          Defendants             )
```

## REPORT AND RECOMMENDATION

I. Recommendation

Presently before the court is Defendants, F.B. Investigations's ("FBI"), Michael Crowley's[1], Michael Rodriguez's, Keven Pideegan's[2], and John Giacalone's ("individual defendants"[3]) motion to dismiss the complaint, or, in the alternative, motion for summary judgment. It is respectfully recommended that motion to dismiss (Docket No. 19) be granted unless within twenty-one (21) days the plaintiff files an amended complaint correcting the deficiencies noted below.

---

[1] According to the brief filed by the government, the correct spellings of these individual defendants' names are William J. Crowley and Kevin Deegan.

[2] See n. 1.

[3] While the pleadings do not identify them as such, the individual defendants are named on the FBI's website as persons of responsibility within the agency's Pittsburgh Office. Defs.' Br. 7; http://pittsburgh.fbi.gov/

II. Discussion

    A. Facts and Procedural History

On September 15, 2009, pro se plaintiff, George Bauer ("Bauer"), initiated this action by filing a motion for leave to proceed in forma pauperis, accompanied by a one-page complaint succinctly alleging "8-year's harassment by the police and F.B.I. 5-assaults. 3-robberies," and demanding $1 million in damages. Compl. ¶¶ 4,5,8.  On September 16, 2009, this Court granted Bauer's motion and the complaint was docketed.  That same date Bauer was ordered to file an amended complaint in conformity with Fed. R. Civ. P. 8 within fifteen days.

On February 26, 2010, the defendants filed a motion to dismiss, or, in the alternative, a motion for summary judgment. The defendants urged that the complaint should be dismissed for a myriad of reasons:  lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), failure to state a claim under Fed. R. Civ. P 12(b)(6), improper service of process, and the complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B).  The Court ordered Bauer to file a response to the motion by March 22, 2010.  The order informed Bauer that failure to file a timely response could result in the imposition of sanctions.  Bauer has not complied with either the order to amend the complaint or to respond to the motion to

dismiss.[4]

      B.  <u>Sufficiency of Complaint</u>

Dismissal of an action as frivolous under 28 U.S.C. §1915(e) is appropriate when the action is "based on an indisputably meritless legal theory" or if it posits "factual contentions [that] are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327(1989).

While the Court is obligated to liberally construe Bauer's pro se pleading to ensure meaningful consideration of his claim, <u>see</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), Bauer's complaint does not set forth any intelligible claims against anyone. Facially, the complaint is devoid of both a statement of jurisdiction and a statement as to the nature of the claim entitling him to relief as required by Fed.R.Civ.P. 8(a)(1). And, although Bauer identified this matter as an "Americans with Disability Act" and "Civil Rights" case on the Civil Cover Sheet, his failure to narrate any facts concerning any defendants' alleged wrongdoing frustrates even the most lenient of analytical

---

[4] Generally, courts should not dismiss a pro se plaintiff's complaint merely for his failure to serve a timely brief in opposition to a defendant's motion to dismiss. <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d 29, 30 (3d Cir. 1991). Because the order here did not affirmatively warn Bauer that failure to respond to defendant's motion could result in dismissal, the Court will undergo an analysis of the merits.

approaches.

The complaint's legal deficiencies likewise abound. Nothing in the complaint suggests anything about disability discrimination under the Americans With Disabilities Act, 42 U.S.C. §12101,("ADA").  Nor would such a claim be cognizable as the ADA does not apply to the federal government.  Lavia v. Pennsylvania Department of Corrections, 224 F.3d 190, 198 (3d Cir. 2000); 42 U.S.C. §12111(5)(B)(I).

As far as Bauer's allegation of a civil rights violation, the Court will interpret the complaint as alleging a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Bivens held that damages can be awarded if federal agents violate a plaintiff's constitutional rights.  Id. at 396-97.

Even a most generous reading of Bauer's complaint, however, cannot overcome a conclusion that its paragraphs fail to plead a legally viable Bivens claim.  First, sovereign immunity precludes a plaintiff from bringing a Bivens action against the FBI, a federal agency.  FDIC v. Meyer, 510 U.S. 471, 475 (1994). Additionally, any tort claim against the United States must be brought under the Federal Tort Claims Act ("FTCA"), which creates a limited waiver of sovereign immunity for injury caused by "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or

4

employment. . . . " 28 U.S.C. §1346(b)(1).  The FTCA limits the court's jurisdiction by requiring claimants to first file an administrative claim with the relevant agency and receive a written denial of the claim before suit can be filed in federal court.  28 U.S.C. § 2675(a).  Bauer has not demonstrated compliance with this exhaustion requirement.  Def's Br., Ex. A, Decl. of Shawn Michelle Thomas.

Second, <u>Bivens</u> claims against federal agents in their official capacities are deemed suits against the employing government agency and, as such, are also barred by the doctrine of sovereign immunity.  <u>Lewal v. Ali</u>, 289 F. App'x. 515, 516  (3d Cir. 2008) (citing <u>FDIC v. Meyer</u>, 510 U.S. at 483).

Third, if Bauer designated  Crowley, Rodriguez, Deegan, and Giacalone as defendants because they hold supervisory positions in the agency, his claim fails because a <u>Bivens</u> action cannot be sustained on the basis of respondeat superior.  <u>Huberty v. U.S. Ambassador to Costa Rica</u>, 316 F. App'x 120, 122 (3d Cir. 2008).

Finally, Bauer's complaint does not state or infer that the agent defendants were acting in their individual, rather than their official capacities when the unnamed civil rights violation occurred.  See <u>Debrew v. Auman</u>, 354 F. App'x 639, 641 (3d Cir. 2009)(<u>Bivens</u> action can be maintained against defendant in individual capacity only)(citing <u>Consejo de Desarrollo Economico de Mexicali, A.C. v. United States</u>, 482 F.3d 1157, 1173 (9th Cir.

5

2007))).  Indeed, the complaint states no facts to support a claim that Bauer's rights were violated.  An unadorned reference to "8 year's harassment" and "5-assaults. 3 robberies" is not a sufficient description of misconduct from which the Court can construe any type of feasible civil rights violation.[5]

    C. <u>Conclusion</u>

By reason of the foregoing, it is concluded that Bauer's complaint lacks both a meritorious legal theory and a plausible factual basis and it is recommended that the defendant's motion to dismiss the complaint as frivolous under 28 U.S.C. § 1915(e) (Docket No. 19) be granted.  It is also recommended that the plaintiff be granted leave to submit an amended complaint in accordance with what is set forth in this Report and Recommendation within twenty-one (21) days.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of the objections to respond thereto.  Failure to file timely objections may constitute waiver of any appellate rights.

---

[5] <u>See</u> <u>also</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544(2007) and <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

                                    Respectfully submitted,

                                    <u>s/Robert C. Mitchell</u>
                                    Robert C. Mitchell
                                    United States Magistrate Judge

Entered: May 6, 2010